IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DANIEL KEVIN SCHMIDT,**
    Petitioner,

v.                                          Case No. 5:07cv281/RS/MD

**WALTER A. MCNEIL,**
    Respondent.
_____

## REPORT AND RECOMMENDATION

Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a prison disciplinary conviction he received at Liberty Correctional Institution. (Doc. 1). As a result of the conviction, petitioner lost 60 days of gain time. Respondent filed a response asserting a procedural default defense. (Doc. 9). On November 21, 2008, the court determined petitioner's claims were procedurally defaulted, and denied the petition. (Docs. 21, 27, 28). The Eleventh Circuit vacated and remanded, concluding that the state court's imposition of a procedural bar did not rest on an adequate state ground so as to preclude federal habeas review. (Doc. 63). Before the Eleventh Circuit issued its mandate, petitioner filed a motion for summary judgment (Doc. 61). Upon issuance of the mandate the undersigned entered an order directing respondent to file an answer to the petition. (Doc. 64). Respondent has now filed a motion to dismiss claiming the petition is moot because petitioner has been released from incarceration. (Doc. 67). On February 17, 2010, the court issued an order requiring petitioner to respond to the motion within twenty-eight days. (Doc. 68). To date, no response has been filed. The matter is referred to the undersigned magistrate judge for report and

recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is moot.

## BACKGROUND AND PROCEDURAL HISTORY

On June 1, 2000, while in the custody of the Florida Department of Corrections serving a 25-year sentence for strong arm robbery entered on February 22, 1995, petitioner received a disciplinary conviction for disobeying an order. (Doc. 1; Doc. 10, Ex. 3(b)). As a result of the conviction petitioner lost 60 days of gain time. (*Id.*). After making his way through the administrative and state judicial processes, petitioner filed the instant federal habeas petition on November 21, 2007. (Doc. 1). His petition presents two grounds for relief – that his disciplinary conviction violates the Double Jeopardy Clause because he was prosecuted a second time for the same DR after acquittal, and that his disciplinary conviction violates the Due Process Clause because undisputed evidence established he was not guilty of the infraction. (*Id.*, p. 4). As relief, petitioner requests the following: "vacate DR conviction and restore 60 days loss of gain time, and apply 25 days gain time not applied for May 2001 gain time award." (*Id.*, p. 6).

Respondent's motion to dismiss contends that on February 3, 2010, petitioner was released from incarceration to Conditional Release supervision upon reaching his "tentative release date" ("TRD"). (Doc. 67, p. 2 and Ex. 1). The Conditional Release Program Act, Fla. Stat. § 947.1405, provides in pertinent part that:

> **(2) Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is or was contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084, shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions.**

*See* Fla. Stat. § 947.1405(2). Pursuant to Sections 944.275(3)(a), 947.005(6), Florida Statutes, the "tentative release date" means the date projected for the prisoner's release from custody by virtue of gain time granted or forfeited, as determined by the Department of Corrections. According to respondent, the instant petition, which seeks the return of gain time for purposes of reducing petitioner's period of incarceration, is moot in light of his release from incarceration.

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Petitioner's ultimate objective in bringing this habeas action was restoration of the gain time he lost as a result of the disciplinary conviction, which would have shortened his period of incarceration by 60 days. Since petitioner has been released from incarceration, the undersigned finds that there is no longer a case or controversy to litigate. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (habeas corpus challenge to parole revocation was mooted by release, as there was no continuing controversy); *Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (state prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement would have no collateral consequences); *Chandler v. McNeil*, No. 3:07cv529/RV/EMT, 2008 WL 3852328 (N.D. Fla. Aug. 18, 2008) (habeas challenge to disciplinary conviction resulting in loss of gain time and placement in disciplinary confinement was rendered moot by prisoner's release from incarceration); *Humphries v. Rivera*, No. 4:05cv466/RH/WCS, 2007 WL 1228512, at *1 (N.D. Fla. Apr. 24, 2007) (same). A favorable decision on the merits would not entitle petitioner to any additional relief, and therefore he no longer has a "personal stake in the outcome." Accordingly, this habeas action is moot, and the motion to dismiss should be granted.

### CERTIFICATE OF APPEALABILITY

*Case No: 5:07cv281/RS/MD*

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 67) be GRANTED and the petition for writ of habeas corpus (doc. 1) be DISMISSED without prejudice as moot.

2.  That petitioner's motion for summary judgment (doc. 61) be DENIED as moot.

3.  That the Clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 30th day of April, 2010.

*Case No: 5:07cv281/RS/MD*


**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).